UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. ARZAGA,<br><br>    Plaintiff,<br><br>    v.<br><br>SANTIAGO, et al.,<br><br>    Defendants. | No. 2:18-cv-0313 KJM KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Introduction

     Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks leave to proceed in forma pauperis, and submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

     Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.

1

§ 1915(b)(2).

Prior Findings and Recommendations

On February 14, 2018, the undersigned recommended that this action be dismissed based on the duplicative nature of plaintiff's allegations, which all stemmed from alleged incidents on December 24, 2014, to December 25, 2014, at the California Health Care Facility in Stockton, California, and which were dismissed as frivolous and for failure to state a claim in Arzaga v. Cate, et al., No. 2:16-cv-0151 AC P.[1] Plaintiff filed objections, arguing that because the previous complaint contained some of the same claims, the court must determine whether the instant complaint is frivolous and malicious because his allegations of rape constitute a serious violation of his Eighth Amendment rights. Plaintiff argues that because his previous complaint was not decided on the merits, he is not barred from fixing the deficiencies and re-filing his complaint. (ECF No. 10 at 1.) He contends that his prior complaint "clouded his claim by naming supervisors and everyone he thought was responsible for what happened to him," rendering his claims frivolous and malicious. (Id. at 2.)

Initially, the undersigned notes that plaintiff's prior action was not dismissed simply because plaintiff named 39 defendants. Rather, plaintiff filed a complaint alleging rape, torture, extortion, kidnap with hostage and ransom, 420 counts of medical/hate crime/negligence allegations, due process violations, intimidation of witnesses, obstruction of justice, impersonating an FBI officer, bribery, theft, robbery, and other allegations. No. 2:16-cv-0151 AC (ECF No. 29 at 3.) Plaintiff sought $100 million in money damages as well as a medical exam "to locate the transmitter in his body and the camera lenses in his eyes." (Id.) In a supplemental complaint, plaintiff named 22 defendants, and alleged he had suffered rape, torture, or sodomy, causing "gruesome foreign objects forced and left in plaintiff," resulting in plaintiff contracting Hepatitis C. (Id.)

////

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2

Nevertheless, the undersigned finds plaintiff's objections well-taken with regard to his request that his complaint be screened on its own merit, and vacates the findings and recommendations. Therefore, the court will screen his complaint.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93

3

(2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Allegations

On December 22, 2014, plaintiff was transferred to California Health Care Facility ("CHCF") in Stockton for psychiatric care. (ECF No. 1 at 7.) Plaintiff alleges he was sexually assaulted by psychiatric technicians E. Santiago and Halulk, and R.N. G. Donna. Plaintiff also alleges he was assaulted by Licensed Vocational Nurse ("LVN") A. Victoriano, and claims that both defendants Victoriano and Correctional Officer S. Pak failed to protect plaintiff from the sexual assaults of defendants Santiago, Halulk, and Donna. (ECF No. 1 at 3.) In addition, plaintiff alleges he had an asthma attack, resulting in staff involuntarily placing him under anesthesia. (ECF No. 1 at 8.)

Specifically, on the night of December 24, 2014, plaintiff alleges that defendant Pak opened plaintiff's cell door 115 and witnessed defendant Haluik force oral copulation on plaintiff, and ejaculate on plaintiff, with defendant Santiago. Plaintiff also alleges that while he remained in cell 115, defendant RN Donna gave plaintiff his first dose of anesthesia, and then also orally copulated plaintiff against his will. While still in cell 115, plaintiff alleges that defendant Santiago received oral copulation from defendant LVN Victoriano, and then ejaculated onto plaintiff's lower back, after which Santiago wrote something on plaintiff's lower back with a marker. (ECF No. 1 at 9.)

Plaintiff alleges he was then dragged upstairs by defendants Pak and Santiago, where defendant LVN Victoriano assisted defendant Santiago in tying plaintiff to a dental chair. After securing plaintiff to the chair, defendant LVN Victoriano forced more anesthesia on plaintiff, "and then forced metal objects unknown to plaintiff into plaintiff's eyes." (ECF No. 1 at 9.) Defendant Santiago also forced metal objects into plaintiff's eyes. Plaintiff claims that for nearly eight hours, defendant Santiago repeatedly assaulted plaintiff both sexually and physically until

4

plaintiff could be returned to his cell. Plaintiff alleges the assaults took place by means of metal objects, cables, and ropes. (Id.) Plaintiff avers that defendant Santiago "sexually and physically tortured plaintiff for eight hours." (ECF No. 1 at 11.)

Discussion

The Supreme Court has held that a claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that "§ 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation.").

Here, the undersigned finds that plaintiff's allegations are fanciful and therefore legally frivolous. Asthma is not generally treated by anesthesia, and anesthesia is not generally administered outside the presence of a doctor. Plaintiff includes no factual allegations that his eyes were injured or that he is blind. If metal objects were put in someone's eyes, it is likely that serious injury or blindness would occur. Such allegations lack credibility and are fanciful.

While sexual assault in prison certainly does occur, it is improbable such acts occurred, where plaintiff alleges they involved five separate staff members at the same time, or where he alleges the subsequent assault and torture occurred over eight hours and involved metal objects, cables and ropes.

For all of these reasons, the undersigned finds that plaintiff's allegations are plainly frivolous and appear fanciful. See Denton, 504 U.S. at 32-33; Neitzke, 490 U.S. at 325, 3273, 328. Indeed, plaintiff's prior allegations concerning such events were dismissed as frivolous. No. 2:16-cv-0151 AC P (E.D. Cal.).

Leave to Amend

Under 28 U.S.C. § 1915A, a frivolous complaint shall be dismissed. 28 U.S.C. § 1915A(b)(1). Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Taking into account plaintiff's prior complaint filed in No. 2:16-cv-0151 AC P (E.D. Cal.), along with the revised allegations

included in the instant complaint, the undersigned finds that it would be futile to grant plaintiff leave to amend, as no amendment could cure the deficiencies discussed above. See Lopez, 203 F.3d at 1127 n.8 ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend.").

In accordance with the above, IT IS HEREBY ORDERED that:

1. The February 14, 2018 findings and recommendations (ECF No. 7) are vacated;

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

Further, IT IS RECOMMENDED that this plaintiff's complaint be dismissed as legally frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 14, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

arza0313.56