UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JESUS ARZAGA, | No. 2:18-cv-0313 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| E. SANTIAGO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 14, 2018, the undersigned recommended that this action be dismissed as legally frivolous. Plaintiff filed timely objections in which he argues that because his allegations remain "possible" they are not fanciful and should not be dismissed as legally frivolous. Plaintiff contends that he "re-grouped, and fixed his complaint," and narrowed the parties and claims raised in the instant pleading, including not asking for a "crazy sum of money." (ECF No. 14 at 2.) Plaintiff seeks $1,200,000 in compensatory damages, and $1,500,000 in punitive damages. (ECF No. 1 at 5.)

To make the determination under 28 U.S.C. § 1915(e)(2)(B), courts assess whether there is an arguable factual and legal basis for the asserted wrong, "however inartfully pleaded."

Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations for lack of subject matter jurisdiction. Id. at 1228. A court can also dismiss a complaint where it is based solely on conclusory statements, naked assertions without any factual basis, or allegations that are not plausible on their face. Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009); see also Erickson v. Pardus, 551 U.S. 89 (2007) (per curiam).

Plaintiff is informed that even if his claims are "possible," he is required, under Iqbal, to show such allegations are plausible on their face. Upon reconsideration, and in an abundance of caution, the findings and recommendations are vacated, and plaintiff is granted thirty days in which to file an amended complaint. Plaintiff must explain how his allegations are factually plausible in the prison setting at California Health Care Facility.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim

and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed November 14, 2018 (ECF No. 11) are vacated;

2. Plaintiff's complaint is dismissed;

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order will result in the dismissal of this action.

Dated: December 18, 2018

/arza0313.14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JESUS ARZAGA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>E. SANTIAGO, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-0313 KJM KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED: _____　　　Amended Complaint


　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Plaintiff

1