UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ARZAGA,<br><br>   Plaintiff,<br><br>   v.<br><br>E. SANTIAGO, et al.,<br><br>   Defendants. | No. 2:18-cv-0313 KJM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

I. Introduction

Plaintiff is a state prisoner, proceeding without counsel, and is presently housed at Kern Valley State Prison ("KVSP") in Delano, California. Defendants filed a motion to revoke plaintiff's in forma pauperis status under 28 U.S.C. § 1915(g). As discussed below, the undersigned finds that plaintiff has sustained three strikes under § 1915(g). Because plaintiff has not demonstrated that he faced imminent danger of serious physical injury at the time he filed this action, the undersigned recommends that defendants' motion be granted, plaintiff's in forma pauperis status be revoked, and plaintiff be required to pay the filing fee.

II. Background

While housed at KVSP, plaintiff signed his original complaint on December 13, 2017, and alleged that on December 24, 2014, while housed at the California Health Care Facility in Stockton, defendants Santiago and Haluik, psychiatric technicians, and G. Donna, R.N., sexually

1

assaulted plaintiff, and defendants Victoriano, LVN, and Correctional Officer Pak failed to protect plaintiff from the assaults. (ECF No. 1.) His complaint was filed on February 6, 2018. On January 24, 2019, plaintiff filed an amended complaint raising claims based on the 2014 assault. The court found that the amended complaint stated a potentially cognizable Eighth Amendment claim for relief against defendants E. Santiago, G. Donna, Haluik, A. Victoriano, and S. Pak. (ECF No. 18.)

On May 15, 2019, defendants filed the motion to revoke plaintiff's in forma pauperis status. (ECF No. 23.) Plaintiff filed an opposition, and defendants filed a reply. (ECF Nos. 27, 28.)

III. Motion to Revoke In Forma Pauperis Status

A. In Forma Pauperis Statute

The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This "three strikes" rule was part of "a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189

////

(9th Cir. 2015) (prisoner may also be required to demonstrate imminent danger at the time the notice of appeal is filed); Andrews v. Cervantes, 493 F.3d at 1055.

  B. Three Strikes?

Defendants rely on the following three cases previously filed by plaintiff:

  1. Arzaga v. Cate, No. 2:16-cv-0151 (E.D. Cal.). This case was dismissed as frivolous and for failure to state a potentially cognizable claim on October 26, 2016. (ECF No. 23-2 at 14-17.)

  2. Arzaga v. Cate, No. 16-17066 (9th Cir.). In this action, plaintiff appealed the dismissal of his case No. 2:16-cv-0151. (ECF No. 23-2 at 21.) On November 16, 2016, the Ninth Circuit advised plaintiff that if he submitted "any response to this order other than a motion to dismiss the appeal, the court may dismiss this appeal as frivolous, without further notice," and warned plaintiff that "[i]f the court dismisses the appeal as frivolous, this appeal may be counted as a strike under 28 U.S.C. § 1915(g). (ECF No. 23-2 at 24, 32-33.) On March 17, 2017, the Ninth Circuit found plaintiff's appeal was frivolous, denied his motion to proceed in forma pauperis, and dismissed his appeal as frivolous under 28 U.S.C. § 1915(e)(2). (ECF No. 23-2 at 24, 27-28.) Mandate issued on April 10, 2017. (ECF No. 23-2 at 30.)

  3. Arzaga v. Lovett, No. 2:11-cv-3303 (E.D. Cal.). In this action, plaintiff filed three pro se complaints dismissed with leave to amend for failure to state a claim. (ECF No. 23-2 at 44 n.1.) The court appointed counsel for the limited purpose of assisting plaintiff in drafting a fourth amended complaint.[1] (Id.) In the August 14, 2015 findings and recommendations, the magistrate judge stated:

> Despite repeated notice of the complaint's deficiencies and numerous opportunities to amend, plaintiff is unable to state a proper claim for relief, even with the assistance of counsel. Therefore, this action must be dismissed without leave to amend for failure to state a claim upon which relief could be granted.

////

---

[1] The docket for case No. 2:11-cv-3303 confirms that although counsel filed the fourth amended complaint, counsel's appointment terminated on November 26, 2013, the date the pleading was filed, pursuant to the magistrate judge's May 20, 2013 order (ECF No. 28). Plaintiff was proceeding in forma pauperis throughout the pendency of such action.

3

(ECF No. 23-2 at 49.) On October 15, 2015, the district court adopted the August 14, 2015 findings and recommendations in full and dismissed plaintiff's case. (ECF No. 23-2 at 51-52.)

Defendants argue that the above three cases count as strikes because each was dismissed as frivolous or for failure to state a claim upon which relief may be granted, meeting the definition of a strike under 28 U.S.C. § 1915(g). Plaintiff does not dispute that his two prior district court cases constitute strikes, but contends that his appeal in No. 16-17066 was the same as case No. 2:16-cv-0151, and the Ninth Circuit dismissal essentially affirmed the district court's dismissal and therefore "the appeal is not a separate strike." (ECF No. 27 at 1.) Plaintiff also argues that the Ninth Circuit did not issue a strike. (ECF No. 27 at 2.) Defendants counter that plaintiff failed to heed the Ninth Circuit's warning, and the court subsequently and expressly found the appeal was frivolous and dismissed the appeal as frivolous. (ECF No. 23-2 at 24 & 35.) Defendants argue that the Ninth Circuit did not simply affirm the district court, but unambiguously dismissed the appeal as frivolous, thus ringing the PLRA bell. (ECF No. 28 at 2.) See El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) ("the style of the dismissal . . . is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'").

The plain language of 28 U.S.C. § 1915(g) includes appeals. "In no event shall a prisoner bring a civil action *or appeal a judgment in a civil action* . . . if the prisoner has, on 3 or more prior occasions, . . . brought an action *or appeal* in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g) (emphasis added). However, the Ninth Circuit has cautioned that "§ 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "[W]here an appellate decision simply affirms the district court, and does not dismiss the appeal on a statutorily enumerated ground, the appellate decision does not count as a separate strike." El-Shaddai, 833 F.3d at 1045.

////

4

The undersigned is persuaded that plaintiff's appeal counts as a § 1915(g) strike. The Ninth Circuit gave plaintiff the opportunity to dismiss his appeal rather than pursue an appeal that was frivolous. Rather than do so, plaintiff chose to pursue the appeal, and the Ninth Circuit expressly found the appeal to be frivolous. Because the Ninth Circuit clearly found plaintiff's appeal was frivolous, and then expressly dismissed plaintiff's appeal as frivolous, one of the statutorily enumerated grounds in § 1915(g), the appeal constitutes a strike. El-Shaddai, 833 F.3d at 1045-46.

Plaintiff's reliance on Barela v. Variz, 36 F.Supp.2d 1265, 1258 (S.D. Cal. Feb. 19, 1999), is unavailing because the district court found that the appellate court's affirmance of the district court's dismissal was a straightforward affirmance, unconcerned with the merits of the appeal, and thus "should not count as a strike." Id. Plaintiff's appeal dismissal differs from Barela's not only because the appellate court did not use the term "affirmed," but also because plaintiff was provided an opportunity to avoid a potential strike dismissal, and the appellate court expressly found plaintiff's appeal was frivolous.

Finally, plaintiff's argument that the Ninth Circuit did not issue plaintiff a § 1915(g) strike is also unavailing because "[i]t is well settled that, in determining a § 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013), citing Andrews, 398 F.3d at 1121.

Accordingly, the undersigned finds that plaintiff is subject to a three strikes bar under 28 U.S.C. § 1915(g) because the three cases set forth above constitute strikes under § 1915(g), and all three dismissals were entered before plaintiff filed this action. Thus, unless plaintiff can demonstrate he was facing imminent danger of serious physical injury at the time he filed his complaint, plaintiff's in forma pauperis status should be revoked.

C. Imminent Danger?

1. Legal Standards - "Imminent Danger"

Because plaintiff has sustained three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The availability of the imminent danger exception turns on the conditions a

prisoner faced "at the time the complaint was filed," not at some earlier or later time. See Andrews v. Cervantes, 493 F.3d at 1053. "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful." Id. at 1057 n.11. Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.

### 2. Discussion

In his opposition, plaintiff does not argue that he faced an imminent risk of physical danger at the time he filed the instant action. At the time plaintiff filed this complaint in 2018, plaintiff was challenging an incident that took place on December 24, 2014, while he was housed at California Health Care Facility, but plaintiff had since been transferred to KVSP. His amended complaint was based on the same 2014 incident. Plaintiff's opposition reflects that he remains housed at KVSP.

Therefore, the undersigned finds that plaintiff has failed to allege an imminent threat of serious physical injury that was present when he filed this action.

## IV. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to revoke plaintiff's in forma pauperis status (ECF No. 23) be granted;

2. Plaintiff's in forma pauperis status (ECF No. 11) be revoked; and

3. Plaintiff be ordered to pay the $400.00 filing fee within twenty-one days from the date the district court adopts the instant findings and recommendations. Failure to timely pay the filing fee will result in the dismissal of this action;

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 9, 2019

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/arza0313.mtd.1915(g)

7