UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ARZAGA,<br><br>            Plaintiff,<br><br>    v.<br><br>E. SANTIAGO, et al.,<br><br>            Defendants. | No.  2:18-cv-0313 KJM KJN P<br><br>ORDER AND REVISED SCHEDULING ORDER |

Plaintiff is a state prisoner, proceeding pro se.  Plaintiff is not proceeding in forma pauperis, but rather paid the court's filing fee.  Two motions by plaintiff are addressed by this order.

Motion to Stay Discovery

On October 13, 2020, plaintiff filed a motion to stay discovery pending his return from the Los Angeles County Jail for an alleged resentencing hearing.  On October 23, 2020, pursuant to the court's order, defendants Gisler and Pak filed a response confirming that no removal orders were pending for plaintiff, and no hearings were presently scheduled for plaintiff in the Los Angeles County Superior Court case.  (ECF No. 59 at 1-2.)  Moreover, plaintiff's deposition was noticed for October 26, 2020, and because plaintiff was not being transferred, defendants contemplated the deposition would go forward.  (ECF No. 59 at 2.)  On October 27, 2020, defendants confirmed that plaintiff's deposition was held.  (ECF No. 61.)

1    The discovery and scheduling order provides that discovery closed on November 3, 2020.
2 In light of plaintiff not being transferred during the discovery period, plaintiff has failed to show
3 good cause to stay discovery.  Plaintiff's motion to stay discovery is denied.
4    Plaintiff's request for production of documents was pending when plaintiff filed his
5 motion to stay, and the undersigned granted defendants' second request for an extension of time
6 to November 16, 2020, in which to file their responses.  (ECF No. 62.)  In defendants'
7 supplemental response, defendants noted that at the deposition, plaintiff objected to defendants'
8 request for a second extension of time.  Because defendants' responses were not provided to
9 plaintiff until after discovery closed, plaintiff is granted an additional thirty days in which to file a
10 motion to compel further production of documents if he is dissatisfied with their responses.

11 <u>Motion to Locate Unserved Defendants</u>

12    Despite the court's prior orders advising plaintiff that he must seek such information
13 through discovery and other means (ECF Nos. 47, 50), plaintiff filed a request for court order
14 "directing the warden and defendants to provide all information" on defendants Santiago,
15 Victoriano, and Haluik.  (ECF No. 51 at 1.)  Plaintiff states that in the alternative, if service
16 cannot be completed, he asks the court to "allow such defendants to be identified as John Does 1,
17 2 and 3 until plaintiff can obtain the names and information by way of discovery."  (ECF No. 51
18 at 4.)  Such statement suggests that plaintiff has not attempted to discover the last known address
19 or identity (if unknown) of these three defendants by propounding interrogatories or a request for
20 production of documents to defendants Gisler and Pak, although plaintiff did propound a request
21 for production of documents.  (ECF No. 54.)  It is also unclear whether plaintiff has attempted to
22 locate these unserved defendants by searching California licensing information available online,[1]
23 or using the California Public Records Act, Calif. Gov't. Code § § 6250, et seq., or other means
24 available to plaintiff.
25    Moreover, plaintiff's request for court order is not the appropriate method to obtain
26 information from the warden, who is not a party to this action.  Rather, if plaintiff is unable to

---

[1] The California Department of Consumer Affairs maintains an online licensing and enforcement system.  <https://www.breeze.ca.gov/datamart/loginCADCA.do>

locate such defendants through discovery or other means, he may attempt to obtain records of their last known location through a subpoena duces tecum directed to the appropriate non-party. However, because plaintiff is not proceeding in forma pauperis, it is plaintiff's responsibility to complete the form subpoena duces tecum and to serve it upon the nonparty in possession, custody or control of the documents or items plaintiff seeks to have produced, along with any witness and/or mileage fees, if applicable. See Fed. R. Civ. P. 45(a), (b)(1); Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989). In other words, plaintiff must make arrangements to serve the subpoena duces tecum and is responsible for the cost of such service. Plaintiff should carefully read Rule 45(b) of the Federal Rules of Civil Procedure.

Plaintiff's motion was served before the discovery deadline expired. In addition, defendants Gisler and Pak were granted two extensions of time to respond to plaintiff's request for production of documents, and plaintiff may now be able to better identify the names of the unserved defendants by reviewing such documents. Therefore, in an abundance of caution, plaintiff is granted an extension of time to locate and serve such defendants. However, plaintiff must forthwith take steps to discover the addresses and true identities of defendants Santiago, Haluik and Victoriano, and the court will extend the discovery period only so that plaintiff may forthwith propound such discovery to defendants Gisler and Pak and avail himself of other means described above. Plaintiff should exhaust such efforts before requesting the court issue a subpoena duces tecum to a non-party.

Finally, if plaintiff learns that an individual has been improperly named as a defendant, plaintiff must file a motion to substitute or correct the name of such defendant.

Revised Scheduling Order

In light of the above, the discovery deadline is extended until March 1, 2021, solely for the purpose of locating and serving defendants Santiago, Victoriano, and Haluik, and to resolve any motion to compel further responses to plaintiff's August 15, 2020 request for production of documents. In all other respects, discovery is closed. The pretrial motions deadline is extended to June 1, 2021.

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to stay discovery (ECF No. 57) is denied.

2. Plaintiff is granted thirty days in which to file a motion to compel further responses to his August 15, 2020 request for production of documents.

3. Plaintiff's September 14, 2020 motion (ECF No. 51) is partially granted.

4. Plaintiff's time for service of process on defendants Santiago, Haluik and Victoriano is extended for 120 days from the date of this order.

5. The discovery deadline is extended until March 1, 2021, for the sole purposes described above.

6. All pretrial motions, except motions to compel discovery, shall be filed on or before June 1, 2021.  In all other respects, the July 2, 2020 scheduling order (ECF No 48) remains in effect.

Dated:  December 1, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/arza0313.sty

4