1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DANIEL ARZAGA,                              No.  2:18-cv-0313 KJM KJN P

12              Plaintiff,

13         v.                                     ORDER

14    E. SANTIAGO, et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner, proceeding pro se and in forma pauperis.  Plaintiff filed three

18    motions, which the court addresses below.

19    Background

20         On July 2, 2020, the undersigned issued a discovery and scheduling order which provided

21    that discovery would close on November 3, 2020.  (ECF No. 48.)  On December 1, 2020,

22    plaintiff's motion to stay discovery was denied, and the discovery deadline was extended until

23    March 1, 2021, solely for the purpose of locating and serving defendants Santiago, Victoriano,

24    and Haluik, and to resolve any motion to compel further responses to plaintiff's August 15, 2020

25    request for production of documents.  (ECF No. 64.)  The court confirmed that in all other

26    respects, discovery is closed, and the pretrial motions deadline was extended to June 1, 2021.

27    (Id.)

28    ////

1    Motion for Subpoenas

2         Plaintiff asks the court to send him ten subpoenas to subpoena witnesses to prepare for

3    jury trial.  (ECF No. 67.)  Plaintiff's request is premature.  As noted in the court's discovery and

4    scheduling order, by subsequent order, plaintiff will be required to file a pretrial statement and

5    motion for the attendance of witnesses.  (ECF No. 48.)  In other words, once discovery is

6    completed, the dispositive motion filing deadline has passed or dispositive motions have been

7    resolved, the court will issue a new scheduling order that provides deadlines for the filing of

8    pretrial statements, as well as plaintiff's motion for the attendance of witnesses at trial.  Plaintiff

9    is required to make a "particularized showing in the pretrial statement in order to obtain the

10   attendance of witnesses at trial."  (ECF No. 48 at 1.)

11        Moreover, at present, no court hearing is scheduled, and this case has not yet been set for

12   trial.  For subpoena forms requiring the attendance of witnesses, plaintiff must include the date of

13   the proceedings to which the witness is being summoned.  Once plaintiff's motion for attendance

14   of witnesses has been granted, and this case is set for trial, plaintiff will have sufficient time to

15   request subpoena forms for the attendance of any witness authorized by court order, and to submit

16   the appropriate witness fees and travel expenses for any unincarcerated witnesses, as explained in

17   the court's scheduling order.  (ECF No. 48 at 4.)

18        For the above reasons, plaintiff's request for subpoena forms is premature and is denied

19   without prejudice to renewal at the appropriate time.

20   Motion to Compel - Request for Admissions

21        On January 12, 2021, plaintiff filed a motion to compel defendants to respond to

22   plaintiff's request for admissions filed on November 1, 2020.  Plaintiff concedes that his request

23   for admissions was submitted late, but asks the court to require defendants to answer because

24   Kern Valley State Prison has been on and off modified program since March of 2020 due to

25   COVID-19, and plaintiff has been restricted to quarantine for the last three weeks.

26        Under the court's discovery and scheduling order, plaintiff's request for admissions were

27   to be served sixty days prior to the November 3, 2020 discovery deadline.  (ECF No. 48 at 5.)

28   Thus, any discovery request was to be propounded on or before September 4, 2020.  Plaintiff's

2

1  current quarantine does not explain why he was unable to timely propound the requests between

2  July 2, 2020, and September 4, 2020.  Moreover, plaintiff did not provide a copy of the request

3  for admissions, as required under the court's Local Rules.  Plaintiff also did not explain the nature

4  of his discovery requests.  Thus, the court is unable to determine whether his request for

5  admissions might fall under the exception provided in the December 1, 2020 order; that is, was

6  the request related to plaintiff's effort to identify and locate defendants Santiago, Haluik and

7  Victoriano.

8         Because plaintiff's request for admissions was untimely propounded, defendants were not

9  required to respond, and plaintiff's motion to compel is denied.

10  Motion for Continuance

11         On December 17, 2020, plaintiff filed a motion "for continuance of the scheduled order to

12  compel discovery from the defendants."  (ECF No. 65 at 1.)  It appears that plaintiff seeks an

13  additional thirty days in which to file a motion to compel further responses to his August 15, 2020

14  request for production of documents.  Plaintiff has shown good cause for such an extension,

15  which is granted.

16         Accordingly, IT IS HEREBY ORDERED that:

17         1.  Plaintiff's request for subpoena forms is (ECF No. 67) is denied without prejudice.

18         2.  Plaintiff's motion to compel (ECF No. 66) is denied.

19         3.  Plaintiff's motion for continuance (ECF No. 65) is granted.

20         4.  Within thirty days from the date of this order, plaintiff may file a properly supported

21  motion to compel further responses to his August 15, 2020 request for production of documents.

22  Dated:  January 27, 2021

23

24  _____
    KENDALL J. NEWMAN
    UNITED STATES MAGISTRATE JUDGE

25  /arza0313.mtc

26

27

28

3