1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DANIEL ARZAGA,                              No.  2:18-cv-0313 KJM KJN P

12                   Plaintiff,

13          v.                                    ORDER

14   E. SANTIAGO, et al.,

15                   Defendants.

16

17          Plaintiff is a state prisoner, proceeding pro se and in forma pauperis.  Two filings are

18   before the court.

19   Background

20          On July 2, 2020, the undersigned issued a discovery and scheduling order which provided

21   that discovery would close on November 3, 2020.  (ECF No. 48.)  On December 1, 2020,

22   plaintiff's motion to stay discovery was denied, and the discovery deadline was extended until

23   March 1, 2021, solely for the purpose of locating and serving defendants Santiago, Victoriano,

24   and Haluik, and to resolve any motion to compel further responses to plaintiff's August 15, 2020

25   request for production of documents.  (ECF No. 64.)  The court confirmed that in all other

26   respects, the July 2, 2020 scheduling order remained in effect; discovery is closed, and the pretrial

27   motions deadline was extended to June 1, 2021.  (Id.)

28   ////

Service of Process on Defendants Santiago, Haluik, and Victoriano

On March 1, 2021, plaintiff submitted three USM-285 forms for service on defendants E. Santiago, Haluik, and A. Victoriano.  However, rather than provide a current address for such defendants, plaintiff requested that the U.S. Marshal serve Robert Tripp, Supervisor of Special Agents in Charge, at the United States Department of Justice, Federal Bureau of Investigations. (ECF No. 69.)  Plaintiff is advised that the U.S. Department of Justice and the FBI are not responsible for investigating addresses for service of process by pro se prisoners.  Rather, as plaintiff was previously informed, it is incumbent upon him to locate individuals he seeks to serve as defendants in plaintiff's civil rights action.

Nevertheless, following review of the record, the court has, by separate order, directed re-service of process on such defendants through the court's E-Service pilot program for civil rights cases.  In light of such effort, the court again extends plaintiff's time for service of process on such defendants for 90 days from the date of this order.  Fed. R. Civ. P. 4(m).

Objections

Plaintiff's filing is not clear, primarily because he seeks a motion based on his right to confront witnesses in the context of discovery.  The Sixth Amendment right of confrontation applies only to criminal prosecutions.  United States v. Hall, 419 F.3d 980, 985-86 (9th Cir. 2005).  To the extent plaintiff seeks reconsideration of the court's order denying plaintiff's motion to compel, such request is untimely.  Local Rule 303(b), states "rulings by Magistrate Judges . . . shall be final if no reconsideration thereof is sought from the Court within fourteen days . . . from the date of service of the ruling on the parties."  Id.  Thus, if plaintiff intended to seek reconsideration of the January 27, 2021 order, such request is untimely because it was not filed until March 5, 2021.

Nevertheless, plaintiff also misquotes the court's scheduling order by omitting the second sentence of paragraph 6.  While the scheduling order did provide a discovery deadline of November 3, 2020, the court ordered as follows:

> 6. The parties may conduct discovery until November 3, 2020. Any motions necessary to compel discovery shall be filed by that date. **All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or**

1   **36 shall be served not later than sixty days prior to that date**.

2   (ECF No. 48 at 5 (emphasis added).)  Thus, plaintiff's request for admissions was propounded too

3   late under the scheduling order, as explained in the January 27, 2021 order.  (ECF No. 68 at 2-3.)

4   It appears that plaintiff believes the court arbitrarily issued its scheduling order, "creating a statute

5   of limitations."  (ECF No. 70 at 1.)  However, Rule 16(b)(1) of the Federal Rules of Civil

6   Procedure expressly requires the court to issue a scheduling order.  Id. (unless exempt by local

7   rule, the judge "must issue a scheduling order.")

8          Moreover, plaintiff has now provided copies of his requests for admissions.[1]  None of

9   plaintiff's requests attempted to obtain information concerning the location of defendants E.

10  Santiago, Haluik, and A. Victoriano.  Therefore, such discovery requests did not fall within the

11  narrow exception set forth in the court's December 1, 2020 order.  (ECF No. 64.)

12         Because plaintiff is not entitled to relief based on his March 5, 2021 filing, his "motion" is

13  denied.

14         Accordingly, IT IS HEREBY ORDERED that:

15         1.  Plaintiff is granted an additional 90 days from the date of this order to serve process on

16  defendants E. Santiago, Haluik, and A. Victoriano; and

17         2.  Plaintiff's March 5, 2021 motion (ECF No. 70) is denied.

18  Dated:  March 11, 2021

19

20                                                    _____
    /arza0313.objs                                    KENDALL J. NEWMAN
21                                                    UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26  _____

27  [1]  In addition, plaintiff provided 23 pages of court orders and other documents filed in the court record.  (ECF No. 70 at 27-50.)  Plaintiff is advised that all orders and filings by the parties are retained in the court's docket.  Therefore, plaintiff is not required to re-submit such documents.

28  Plaintiff should refrain from doing so in the future.