UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ARZAGA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. SANTIAGO, et al.,<br><br>　　　　Defendants. | No.  2:18-cv-0313 KJM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding pro se.  Plaintiff's motions to vacate the court's scheduling order and to subpoena witnesses are before the court.  As discussed below, plaintiff's motion to vacate the scheduling order is granted; his motion to subpoena witnesses is denied.

Background

On July 2, 2020, the undersigned issued a discovery and scheduling order which provided that discovery would close on November 3, 2020.  (ECF No. 48.)  On December 1, 2020, plaintiff's motion to stay discovery was denied, and the discovery deadline was extended until March 1, 2021, solely for the purpose of locating and serving defendants Santiago, Victoriano, and Haluik, and to resolve any motion to compel further responses to plaintiff's August 15, 2020 request for production of documents.  (ECF No. 64.)  The court confirmed that in all other respects, the July 2, 2020 scheduling order remained in effect; discovery is closed, and the pretrial motions deadline was extended to June 1, 2021.  (Id.)

On March 11, 2021, the court noted that none of plaintiff's requests for admissions attempted to obtain information concerning the location of defendants E. Santiago, Haluik and A. Victoriano, and therefore plaintiff's discovery requests did not fall within the narrow exception provided in the December 1, 2020 order (ECF No. 64). (ECF No. 72 at 3.)

On March 11, 2021, the court also extended plaintiff's time for service of process on defendants Santiago, Haluik, and Victoriano for ninety days. Fed. R. Civ. P. 4(m). On March 11, 2021, the court ordered E-Service on defendants E. Santiago, Haluik, and Victoriano. (ECF No. 73.) On April 1, 2021, the CDCR Notice of E-Service Waiver was filed, indicating the CDCR would not waive service for such defendants. (ECF No. 77.) Defendant E. Santiago was identified and located; the service packet was forwarded to the U.S. Marshal on April 1, 2021. (ECF No. 78.) To date, no return of service has yet been filed by the U.S. Marshal. However, as to defendants Haluik and A. Victoriano, despite checking with litigation coordinators at CHCF, CCHCS, PIP or Headquarters HR Personnel, such individuals could not be identified or located. (ECF No. 77.)

On June 1, 2021, defendants filed a statement of non-opposition to plaintiff's request to vacate the scheduling order, arguing it would be inappropriate for the case to continue piecemeal, but requested that a time limit be placed on plaintiff's efforts to locate and serve process on defendants E. Santiago, Haluik, and Victoriano.

Motion to Vacate Scheduling Order

Standards

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

////

2

Discussion

Plaintiff claims that there is an ongoing investigation by the U.S. Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI"), File No. 62-SC-0. (ECF No. 80 at 2.) Plaintiff seeks to vacate the scheduling order until such investigation is completed. However, plaintiff provided no information as to when such investigation began, or when such investigation might be completed. The court is unwilling to delay this case indefinitely.

Good cause appearing, plaintiff's motion to vacate the scheduling order is partially granted, with the condition that discovery remains closed as to defendants Gisler and Pak. Plaintiff is granted ninety days from the date of this order to serve defendant E. Santiago, and to identify, locate, and serve process on defendants Haluik and April R. Victoriano. Plaintiff is cautioned that, as was explained in the July 2, 2020 order, it is incumbent upon plaintiff to identify and locate the individuals he named as defendants and to provide additional information to serve such defendants. (ECF No. 47.) Specifically, plaintiff must provide additional information as to the identity and location of defendants Haluik and April R. Victoriano.

Motion to Subpoena

Plaintiff's motion is not clear. He requests a "subpoena of the following expert witnesses via a post summary judgment:" from the DOJ/FBI - Robert Tripp, Supervisor of Special Agents; and Special Agents Sean Ragan and Monica M. Miller; from the Office of the Inspector General ("OIG") Robert A. Barton; and from the Office of Law Enforcement Support, Chief Ken Baird. (ECF No. 79.) However, as noted above, the DOJ/FBI investigation is not yet complete. Moreover, plaintiff fails to set forth specific findings from any DOJ/FBI, OIG or law enforcement investigation to demonstrate that the testimony of a particular individual is relevant or required. Plaintiff is advised that the mere investigation of plaintiff's claims is insufficient to demonstrate such putative witnesses have relevant testimony. If plaintiff is attempting to subpoena the testimony of such witnesses for trial, his motion is premature because no trial or other court proceeding has been scheduled. Moreover, if plaintiff intends to file a dispositive motion in the future based on any such investigation, it is likely that the written report from such investigation would be the appropriate evidence for plaintiff to submit in support of such motion.

For all of the above reasons, plaintiff's motion is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to vacate the scheduling order (ECF No. 80) is partially granted.

2. Deadlines set in the scheduling order and revised scheduling order (ECF Nos. 48, 64) are vacated, except that discovery as to defendants Gisler and Pak remains closed.

3. Plaintiff is granted an additional ninety days from the date of this order to serve defendant E. Santiago, and to identify, locate and serve defendants Haluik, and April R. Victoriano; and

4. Plaintiff's motion to subpoena (ECF No. 79) is denied without prejudice.

Dated: June 9, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/arza0313.vac