UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ARZAGA, | No. 2:18-cv-0313 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| E. SANTIAGO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, proceeds pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On June 9, 2021, plaintiff was granted an additional 90 days in which to serve defendant Santiago, and to identify, locate and serve defendants Haluik and Victoriano.[1]  (ECF No. 83.)  On July 30, 2021, the undersigned ordered plaintiff to complete and return to the court, within thirty days, the USM-285 forms required to effect service on such defendants.  On August 19, 2021, plaintiff submitted the USM-285 forms.  However, plaintiff provided the following address: Dept. of Treasury, Internal Revenue Services, Fresno, CA 99999-0000, and stated that this agency will be able to provide the address for service for each of the defendants.

////

---

[1] Defendant E. Santiago was identified, and a service packet was forwarded to the U.S. Marshal on April 5, 2021.  (ECF No. 78.)  As to defendants Haluik and A. Victoriano, despite checking with litigation coordinators at CHCF, CCHCS, PIP or Headquarters HR Personnel, such individuals could not be identified or located.  (ECF No. 77.)

Plaintiff is advised that the IRS is not responsible for investigating addresses for service of process by pro se prisoners.  Rather, as plaintiff was previously informed, he must provide an address where each defendant either resides or is employed so that the court may order the U.S. Marshal to accomplish service.  (See ECF No. 88 at 2.)

On August 20, 2021, plaintiff filed a motion asking the court to order the attorney general to provide plaintiff with a list of all employees of the Department State Hospital (Stockton) B-1 on December 24, 2014, and December 25, 2014, all three shifts, to enable plaintiff to locate witnesses and potential defendants.  (ECF No. 91 at 2.)  Plaintiff complains that he has not been provided an opportunity to view photos of employees who worked that day, and the attorney general has not investigated every employee who worked that day.  Plaintiff contends that the failure to provide the requested information will deprive him of his right to confront witnesses.  (Id. at 2-3.)

First, plaintiff is advised that "the Sixth Amendment Confrontation Clause by its own terms applies only to "criminal prosecutions."  United States v. Barraza, 318 F.Supp.2d 1031, 1035 (S.D. Cal. 2004) (citing Hyser v. Reed, 318 F.2d 225, 237 (D.C. Cir. 1963)).  Plaintiff is pursuing a civil rights action; thus, plaintiff's Sixth Amendment Confrontation Clause rights are not implicated here.

Second, the attorney general is not responsible for investigating plaintiff's claims or identifying plaintiff's witnesses or potential defendants.  In this civil rights action, plaintiff is responsible for prosecuting his own action, including investigating his own claims, and seeking discovery as permitted under the Federal Rules of Civil Procedure.

Third, even if plaintiff had sought the identification and location of defendants Haluik and A. Victoriano through discovery propounded to defendants Gisler and Pak, the record demonstrates that such individuals could not be identified or located, even by CDCR Headquarters HR personnel.  (ECF No. 77.)

For all these reasons, plaintiff's motion is denied.

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to send plaintiff two blank USM-285 forms; and

2. Within thirty days, plaintiff shall submit the properly completed USM-285 forms required to effect service on defendants Haluik and A. Victoriano. Failure to return the copies within the specified time period will result in a recommendation that such defendants be dismissed.

3. Plaintiff's motion (ECF No. 91) is denied.

Dated: August 27, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/arza0313.8f

3