UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JESUS ARZAGA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. SANTIAGO, et al.,<br><br>　　　　Defendants. | No.  2:18-cv-0313 KJM KJN P<br><br>ORDER TO SHOW CAUSE |

Plaintiff is a state prisoner, proceeding without counsel.  By an order filed January 29, 2019, this court ordered plaintiff to complete and return to the court, within thirty days, the USM-285 forms necessary to effect service on defendant Santiago.  Plaintiff provided the USM-285 forms, but service of process on defendant Santiago was returned unexecuted on March 19, 2019.  (ECF No. 22.)  Despite subsequent orders and plaintiff providing multiple revised USM-285 forms, the U.S. Marshal has been unable to effect service on defendant Santiago.  (ECF No. 32 (order); 41 (unexecuted service); 47 (order); 73 (ordered service of process through the Court's E-Service pilot program); 77 (notice of intent not to waive service as to defendant Santiago); 90 (revised USM-285 form); 96 (order); 98 (unexecuted service); 99 (order); 101 (revised USM-285 form); 105 (unexecuted service); 109 (unexecuted service).  The record reflects multiple attempts

////

////

1

to identify and locate defendant Santiago, both by plaintiff, as well as by the U.S. Marshal. Despite an early suggestion that defendant might be employed with Management Solutions, the U.S. Marshal contacted Management Solutions on several occasions and was informed that following a records search, E. Santiago or Elia Santiago could not be identified or located.  (ECF Nos. 105, 109.)[1]

On November 9, 2021, plaintiff filed a motion to change the caption of this case to Arzaga v. Gisler, alleging that defendant Santiago, *inter alia*, was fired from the state hospital based on the allegations in plaintiff's pleading, and claims that plaintiff is being denied access to information to serve defendant Santiago and others by refusing to provide forwarding information for such defendant.[2]  (ECF No. 103.)  Plaintiff provides no evidence to support such allegations. Moreover, as discussed above, the U.S. Marshal has attempted to locate defendant Santiago through both the CDCR and its contracting company Management Solutions.  Absent evidence to the contrary, nothing in the record demonstrates a refusal to cooperate.

That said, given plaintiff's request to change the case caption, it appears he has no objection to the dismissal of defendant Santiago based on the inability to locate and serve process on defendant Santiago.  In an abundance of caution, plaintiff is given an opportunity to show cause why defendant Santiago should not be dismissed.

As for the case caption, plaintiff is advised that the case caption remains static throughout the litigation, regardless whether certain defendants are dismissed.  Thus, no change to the case caption is required.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to change the case caption (ECF No. 103) is denied; and

2. Within thirty days from the date of this order, plaintiff shall show cause why defendant Santiago should not be dismissed.  Failure to respond to this order will result in a

---

[1] On March 11, 2021, and June 9, 2011, plaintiff was granted an additional 90 days to serve process on defendant E. Santiago.  (ECF No. 72, 83.)

[2] Defendants Haluik and Victoriano were dismissed without prejudice on December 16, 2021. (ECF No. 106.)

1  recommendation that defendant Santiago be dismissed from this action without prejudice.  Fed.
2  R. Civ. P. 41(b).
3  Dated:  January 19, 2022

_Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/arza1313.fusm.San