UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ARZAGA,<br><br>    Plaintiff,<br><br>    v.<br><br>E. SANTIAGO, et al.,<br><br>    Defendants. | No. 2:18-cv-0313 KJM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding pro se. Defendants Gisler and Pak move for judgment on the pleadings. Plaintiff filed an opposition, and moving defendants filed a reply. As set forth below, the undersigned recommends that the motion be granted.

I. Plaintiff's Amended Complaint

In his unverified pleading, plaintiff alleges that he was transferred to the California Health Care Facility ("CHCF") on December 22, 2014, and on December 24 and 25, 2014, he was involuntarily placed under anesthesia, and sexually assaulted by four employees of the hospital against his will, both in his cell and after he was dragged upstairs to a dental chair. (ECF No. 16 at 2-3.) Plaintiff claims the assault took place by means of metal objects, cables and ropes. (ECF No. 16 at 4.) Plaintiff alleged such actions violated his Eighth Amendment rights: defendants S. Pak and A. Victoriano failed to protect plaintiff; defendants G. Donna (who answered the pleading as D. Gisler), Haluik, Victoriano and E. Santiago sexually assaulted plaintiff. (ECF No.

1

16 at 3-4.)[1]  Plaintiff seeks money damages.

## II. Legal Standards:  Motion for Judgment on the Pleadings

Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings may be granted when, accepting as true all material allegations contained in the nonmoving party's pleadings, the moving party is entitled to judgment as a matter of law.  Chavez v United States, 683 F.3d 1102, 1108 (9th Cir. 2012).  The applicable standard is essentially identical to the standard for a motion to dismiss under Rule 12(b)(6).  United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 n.4 (9th Cir. 2011).  Thus, although the Court must accept well-pleaded facts as true, it is not required to accept mere conclusory allegations or conclusions of law.  See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A motion for judgment on the pleadings should be granted "when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009).

## III. Res Judicata

The doctrine of res judicata protects "litigants from the burden of relitigating an identical issue" and promotes "judicial economy by preventing needless litigation."  Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979).  Two related doctrines of preclusion are included under the term "res judicata."  See Taylor v. Sturgell, 553 U.S. 880, 892 (2008).  One such doctrine -- claim preclusion --  forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."  Id.  Put a different way, "[c]laim preclusion bars a party in successive litigation from pursuing claims that were raised or could have been raised in a prior action."  Media Rights Techs., Inc. v. Microsoft Corp., 922 F.3d 1014, 1020 (9th Cir. 2019).  "Newly articulated claims based on the same nucleus of facts are also subject to a res judicata finding if the claims could have been brought in the earlier action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).  Thus, claim preclusion prevents a

---

[1] Defendants Haluik and Victoriano were dismissed from this action on December 16, 2021.  The undersigned has also recommended that defendant Santiago be dismissed based on plaintiff's failure to show cause (ECF No. 110).

2

plaintiff from later presenting any legal theories arising from the "same transactional nucleus of facts." Hells Canyon Preservation Council v. U.S. Forest Service, 403 F.3d 683, 686 n.2 (9th Cir. 2005).

Claim preclusion "applies when the earlier suit (1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005) (internal alterations and quotation marks omitted); see also Howard v. City of Coos Bay, 871 F.3d 1032, 1039 (9th Cir. 2017) ("Claim preclusion requires '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'").

IV. Plaintiff's Prior Action[2]

In Arzaga v. Cate, et al., No. 2:16-cv-0151 AC P (E.D. Cal.), plaintiff filed a verified complaint naming about 39 defendants.[3] Id. (ECF No. 1 at 4-5.) Plaintiff stated that he was transferred to CHCF on December 22, 2014, and housed in a mental health crisis bed. Plaintiff alleged that on December 24 and 25, 2014, he was incapacitated by chemical gas, sexually assaulted, and "eye contact cameras" were placed into his eyes by defendants RN Donna and RN Nguyen. Id. (ECF No. 1 at 5, 9-13.) Plaintiff alleged unconstitutional conditions of confinement, and violations of the ADA. Id. (ECF No. 1 at 8, 14.) Plaintiff contended he was subjected to rape, torture, extortion, kidnap with hostage and ransom, and included 420 counts of medical/hate crime/negligence allegations, due process violations, intimidation of witnesses, obstruction of justice, impersonating an FBI officer, bribery, theft, robbery, and other allegations. Id. (ECF No. 29 at 3.) Plaintiff sought $100 million in money damages as well as a medical exam "to locate the transmitter in his body and the camera lenses in his eyes." Id.

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[3] Plaintiff named "F. Donna" as a defendant in the original complaint filed in No. 2:16-cv-0151 AC P, but also named "G. Donna" as a defendant in his supplemental complaint, and referred to "G. Donna" therein Id. (ECF No. 22 at 2, 8.) In the first amended complaint filed in this action, plaintiff named and referred to "G. Donna" and "Defendant Donna," who answered the pleading as "D. Gisler." (ECF No. 33 at 1 n.1.)

3

In a supplemental complaint filed in his prior case, No. 2:16-cv-0151 AC P, plaintiff named 22 defendants, including S. Pak, Victoriano, E. Santiago, G. Donna, Haluik, and newly-named defendants California Health and Welfare Agency and San Joaquin General Hospital. Id. (ECF No. 22 at 6-9.) Plaintiff stated that while housed at CHCF on December 24, 2014, he suffered rape, torture, or sodomy by defendants resulting in plaintiff contracting Hepatitis C (ECF No. 22 at 11-13; 19; see also ECF No. 29 at 3.) Plaintiff alleged unconstitutional conditions of confinement, Eighth Amendment cruel and unusual punishment, and claimed he was denied adequate medical and mental health care and sought "$250 million" in damages. Id. (ECF No. 22 at 11, 17-18, 22; ECF No. 29 at 3.)

In plaintiff's prior action, on October 26, 2016, the court screened both plaintiff's original and supplemental complaints, and found plaintiff's allegations were "fanciful and therefore legally frivolous; this action lacks any basis in fact or in law." Id. (ECF No. 29 at 3.) The court dismissed plaintiff's prior action "as frivolous and for failure to state a potentially cognizable claim." Id. (ECF No. 29 at 1:24-25.)[4] Plaintiff was denied leave to amend, and the court also found that the dismissal "shall count as a 'strike' under 28 U.S.C. § 1915(g)." No. 2:16-cv-0151 AC P (ECF No. 29 at 4.) Judgment was entered on October 26, 2016. Id. (ECF No. 30.)

Plaintiff filed a timely appeal. Id. (ECF No. 36.) On March 21, 2017, the United States Court of Appeals for the Ninth Circuit dismissed the appeal as frivolous. Id. (ECF No. 39.)

VI.  Discussion

   A.  Same Claim or Cause of Action

Courts employ four criteria to determine whether claims are identical: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3)

---

[4] Following plaintiff's consent to the jurisdiction of a magistrate judge, plaintiff's prior case was dismissed by the October 26, 2016 order of a magistrate judge. Such October 26, 2016 order and accompanying judgment, issued before the Ninth Circuit's decision in Williams v. King, 875 F.3d 500 (9th Cir. 2017), remains a final judgment. See Hoffmann v. Pulido, 928 F.3d 1147, 1150-51 (9th Cir. 2019) (finding that after Williams magistrate judges lack authority to dismiss a case unless all parties have consented, but cases dismissed by a magistrate judge prior to Williams are not subject to collateral attack).

whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (internal quotation marks and citation omitted). "The fourth criterion is the most important." Id.

Here, both actions arose out of the same transactional nucleus of facts: plaintiff was transferred to CHCF on December 22, 2014, and on December 24 and 25, 2014, plaintiff alleges he was incapacitated and sexually assaulted.

The bulk of plaintiff's opposition focuses on the merits of his claims and difficulties he encountered in identifying and serving defendants, and obtaining evidence to support his claims. (ECF No. 114 at 2-3.) Plaintiff argues that the instant amended complaint is not identical to his complaint filed in his prior action, and "declares that he is not bringing identical claims in this matter" because he included different legal theories in his prior lawsuit, and that "both remaining defendants were under judemnans [sic] [s]o were NOT involved in [plaintiff's prior case]." (ECF No. 114 at 4.) Plaintiff "admits he had a previous claim that was dismissed," but "contests that he has a new claim via amended complaint on several different violations." (Id.)

While in the instant action plaintiff omitted his earlier verified allegation that foreign objects were forced into his eyes, plaintiff previously conceded in this action that he was raising the same allegations raised in his prior action, 2:16-cv-0151 AC, but objected that his claims had not been decided on the merits. (ECF No. 10 at 1.) In both his cases, plaintiff sought the same form of relief, i.e. monetary damages, and in both cases, plaintiff alleged violations of his Eighth Amendment rights. That plaintiff named additional defendants or sought relief on additional causes of action in his prior action does not alter the analysis. Plaintiff "cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory." McClain v. Apodaca, 793 F.2d 1031, 1034 (9th Cir. 1986), citing Costantini v. Trans World Airlines, 681 F.2d 1199, 1201 (9th Cir.), cert. denied, 459 U.S. 1087 (1982).

After careful comparison of pleadings in both actions, the undersigned finds that the first criteria of claim preclusion is met because plaintiff's prior action involved the same claim as the

current action, and infringement of the same rights.  Mpoyo, 430 F.3d at 987.

### B. Final Judgment on the Merits

Second, the undersigned must determine whether plaintiff's prior case reached a final judgment on the merits.  Mpoyo, 460 F.3d at 987.  As noted above, plaintiff's prior case was dismissed as frivolous and for failure to state a claim, and without leave to amend.

Here, while the prior judgment did not specify whether the suit was dismissed with or without prejudice, a dismissal for failure to state a claim for relief constitutes a final judgment on the merits.  See, e.g., Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n.3 (1981) (noting, in context of motion to dismiss under Rule12(b)(6), dismissal for failure to state a claim for relief is a "judgment on the merits" to which res judicata applies); see also Stewart v. Bancorp, 297 F.3d at 957; Fed. R. Civ. P. 41(b) (an involuntary dismissal is an adjudication on the merits unless the dismissal states otherwise or was for lack of jurisdiction, improper venue, or failure to join a party under Rule 19).[5]

Therefore, the second element for the application of claim preclusion is met.

### C. Privity Between Parties

Third, the undersigned evaluates whether plaintiff's prior case "involved identical parties or privies."  Mpoyo, 430 F.3d at 987.

Generally, the Ninth Circuit has held that "when two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1405 (9th Cir. 1993).  Federal courts will find privity when relationships are "sufficiently close," including "a non-party whose interests were represented adequately by a party in the original suit." Tahoe-

---

[5] Although the dismissal of plaintiff's prior case was at the screening stage under 28 U.S.C. § 1915A, it nonetheless operates as an adjudication on the merits because a "[d]ismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'" Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir. 2014) (quoting Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)); see also Evans v. Beck, No. 1:12-CV-00284-AWI-MJS (PC), 2012 WL 3069571 (E.D. Cal. July 27, 2012) (finding action barred under res judicata where prior dismissal, entered at screening under § 1915A, was on the merits for failure to state a claim.); Daniels v. Sherman, No. 1:18-cv-1420 AWI BAM PC, 2021 WL 4480295, at *7 (E.D. Cal. Sept. 30, 2021) (same).

Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003).

Plaintiff was the plaintiff in his prior case and, as set forth above, defendants S. Pak, Victoriano, E. Santiago, G. Donna, and Haluik were also named as defendants in the supplemental complaint filed in plaintiff's prior case. No. 2:16-cv-0151 AC P (ECF No. 22 at 7-9.) As noted above, the prior court screened both plaintiff's original and supplemental complaints in the order dismissing plaintiff's prior action. Because plaintiff and defendants S. Pak, Victoriano, E. Santiago, G. Donna, and Haluik are identical parties, they are obviously in privity. Tahoe-Sierra Pres. Council, Inc., 322 F.3d at 1081. Moreover, the named defendants worked alongside one another at CHCF during the alleged incidents at issue. Therefore, their interests are so closely aligned as to be determined to be in privity with one another. For purposes of resolving the present motion, the court finds that the parties in the present proceeding are the same as, or in privity with, those in plaintiff's prior action.

Therefore, the third element for the application of claim preclusion is met.

VI. Conclusion

Consequently, as all three elements of res judicata are satisfied, plaintiff's claims against defendants in this action are barred by res judicata. Defendants' motion should be granted, and this action should be dismissed with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendants' motion for judgment on the pleadings (ECF No. 108) be granted; and

2. This action be dismissed with prejudice as barred by res judicata.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 27, 2022

/arza0313.jop

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE